UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 0 3 2011

| | | |
|---|---|---|
| HARBOR MILES, | ) | Civ. 11-4057-LLP |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| J. HOLLINGSWORTH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Harbor Miles, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, Miles was incarcerated at the Federal Prison Camp in Yankton, South Dakota. Miles now moves for an order directing the Bureau of Prisons (BOP) not to transfer him to another federal facility. Docket 8. According to the BOP website, Miles is currently incarcerated at the Federal Medical Center in Devens, Massachusetts. Thus, Miles' motion opposing his transfer is denied as moot.

But even if Miles' motion were not moot, the BOP has broad discretionary authority to choose a federal inmate's place of imprisonment. *See* 18 U.S.C. § 3624(b); *Goldings v. Winn*, 383 F.3d 17, 25 (1st Cir. 2004). This authority also permits the BOP to transfer a prisoner to another facility. *Goldings*, 283F.3d at 28. Thus, because Miles has not alleged that the transfer is retaliatory, the transfer was within the authority of the BOP. *See Kind v. Frank*, 329 F.3d 979 (8th Cir. 2003) (finding transfer was not retaliatory).

Miles filed his petition on the forms the court provides for petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. But his petition is more properly classified as a *Bivens* action against federal officials. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971) (permitting a cause of action for the violation of constitutional rights by federal officials). In his petition, Miles alleges BOP officials violated his due process rights under the Fifth Amendment and his First Amendment rights.

Specifically, Miles asserts that officials at the federal prison in Lompoc, California violated his due process rights under the Fifth Amendment when he was disciplined for, but never charged with growing and possessing marijuana plants inside a federal facility. Miles argues that despite the fact that he was never charged with possessing the marijuana plants, his security level was increased and he was transferred to a federal prison in Arizona in violation of a number of BOP policies. BOP officials in Yankton, South Dakota, removed Miles from a horticulture program in which he was enrolled due to "security concerns" after they learned of his history of growing marijuana inside a federal prison. Despite this justification, Miles alleges that his removal from the horticulture program was retaliation for asserting his First Amendment rights when he sought to purchase a kosher meal for Passover and began asking questions about religious accommodations for Jewish inmates. Because the events occurred within the same time frame, Miles asserts his removal from the program was retaliation for exercising his First Amendment rights. Miles seeks both injunctive relief and damages for these asserted violations of his rights. Specifically, Miles asks that the court order the BOP to "expunge all references of his alleged cultivation of marijuana at SCP Lompoc Farm from all of their records entirely as well as any other agencies" given the information; that the court order that he "suffer no more First Amendment discrimination;" and that the court order that he "be reinstated in VT Hort at the greenhouse status quo ante." Docket 6 at 10. Miles also seeks compensatory damages for the costs he incurred in filing this case, which he estimates to equal

2

$249.20. Finally, Miles asks that "punitive damages be paid for the years of aggravation and suffering the abuse of FBOP staff's discretionary authority in the amount of $1.00 and that the check memorandum be an appropriate apology." *Id.*

Miles paid the $5 filing fee applicable to § 2241 petitions. But because his petition is more properly characterized as a *Bivens* action against federal officials, this court must screen his complaint under 28 U.S.C. § 1915A. Section 1915A requires the court to "review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress . . . from [an] officer or employee of a governmental entity." Under § 1915A, the court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because Miles is not longer incarcerated at the Federal Prison Camp at Yankton, South Dakota, his claims for injunctive relief relating to his claims of First Amendment retaliation and the horticulture program are moot. A prisoner's transfer to a different facility renders his a request for injunctive relief moot. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). *See also Vosburg v. Solem*, 845 F.2d 763, 770 (8th Cir. 1988) (holding that an inmate's release renders moot any claim for injunctive relief relating to his conditions of incarceration).

Miles' other request for injunctive relief, that the BOP expunge any references to marijuana cultivation from his record, and his damages claims also fail. Even construing Miles' claims broadly, it appears that he seeks damages for events that occurred when he was incarcerated in Lompoc, California. Miles does not allege that Warden Hollingsworth was personally involved with those events. In a *Bivens* action, defendants are liable for their personal acts only. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Thus,

3

Miles fails to state a claim upon which relief may be granted and his complaint is subject to dismissal under 28 U.S.C. § 1915A. Therefore, it is

ORDERED that Miles' motion for an order requiring the BOP not to transfer him (Docket 8) is denied as moot.

IT IS FURTHER ORDERED that Miles' complaint is dismissed as moot and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

Dated this 3rd day of November, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
          DEPUTY